IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In the Matter of ) | |
| ) | |
| PEDRO FELIPE VALDES ) | Case No. 18-13291-KHK |
| and ) | Chapter 7 |
| ANA MARIA ALDANA ) | |
| ) | |
| Debtors ) | |

**MOTION FOR ORDER EXTENDING THE TIME TO
FILE A COMPLAINT TO DETERMINE
<u>DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(c)</u>**

WizdomBridge, LLC, an unsecured creditor herein, by and through the undersigned counsel, pursuant to Fed. R. Bankr. P. 4007(c) and 9006(b)(3), respectfully requests an order extending for ninety (90) days the time within which WizdomBridge, LLC may file a complaint to determine the dischargeability of debt under 11 U.S.C. §523(c), and in support thereof states as follows:

WizdomBridge, LLC is a party which loaned money to a Debtor-owned entity known as Artifact, LLC, a home builder.

The obligation to the Movant by Artifact, LLC is unconditionally guaranteed by the Debtor, Pedro Felipe Valdes, under the terms of a Promissory Note dated August 8, 2018.

On September 28, 2018 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code"), thereby commencing the above-captioned case. Originally, Janet M. Meiburger, Esquire was appointed as Chapter 7 Trustee in the case, but she resigned from the case and Kevin R. McCarthy, Esquire was appointed in her stead.

Madeline A. Trainor, Esq. VSB #18531
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
703-684-2000
mtrainor@rpb-law.com
Counsel for WizdomBridge, LLC

The first meeting of creditors was originally set for November 7, 2018. Once Ms. Meiburger resigned and Mr. McCarthy was substituted as Trustee, the Section 341 first meeting of creditors was re-set to November 21, 2018. Mr. McCarthy ran late with his Section 341 docket on November 21, 2018; by the time the Valdes case was called, Mr. Kevin M. O'Donnell, Debtors' counsel, had to leave the hearing to appear in the U.S. Bankruptcy Court. No questions by creditors were permitted on that date. The Section 341 meeting was adjourned to December 19, 2018 for a time certain (1:00 p.m.). The *Notice of Chapter 7 Bankruptcy Case* (Official Form 309A) issued in this case on October 3, 2018 (Docket Entry No. 55), states that the deadline to file a complaint to determine the dischargeability of certain debts expires on January 6, 2018 (the "Dischargeability Deadline"), which was sixty (60) days after the date first set for the meeting of creditors in this case.

WizdomBridge, LLC is filing this motion seeking to extend the Dischargeability Deadline for a reasonable period of time in order to investigate and review certain discrepancies arising from the Debtors' testimony on December 19, 2018, and the financial information reflected in the Schedules and/or previously provided to the Movant, so as to ascertain whether fraud exists in the Debtors dealings with the Movant.

The first time creditors had the opportunity for Debtors to testify was December 19, 2018, and counsel has filed this Motion as quickly as reasonably practical to seek an extension of the Dischargeability Deadline in this case. There has not been time or opportunity to file a Motion for a Rule 2004 examination.

Fed. R. Bankr. P. 4007(c) specifies the time frame within which a complaint to determine dischargeability of debt must be filed. Fed. R. Bankr. P. 4007(c) provides that "on motion of any party in interest, after hearing on notice, the court may for cause extend the time to file fixed [for filing a complaint to determine the dischargeability of debt]." The Rule also requires that any such extension motion "shall be filed before the time has expired." Fed. R. Bankr. P. 4007(b). *See also*, Fed. R. Bankr. P. 9006(b)(3)

("The court may enlarge the time for taking action under Rule[s] … 4007(a) …, only to the extent and under the conditions stated in those rules."). As of today, two (2) days after the Debtors first testified under oath at the re-scheduled (twice) meeting of creditors, there are only sixteen (16) days remaining until the deadline (January 6, 2019).

Cause exists in this case to extend the Dischargeability Deadline. An extension of approximately ninety (90) days from the entry of any extension order should allow Movant to determine whether financial information that it received from the Debtor(s) was falsified or misleading. Movant reserves the right to seek further extensions to the extent that any initial extension is insufficient to afford the time necessary to accomplish its investigation.

WHEREFORE, for the foregoing reasons, Movant respectfully requests that this Court enter an order (a) extending the Dischargeability Deadline for a period of ninety (90) days as to WizdomBridge, LLC, and (b) provide such other and further relief as the Court deems just and proper.

Date: December 21, 2018

                                      Respectfully submitted,

                                      WIZDOMBRIDGE, LLC
                                      By Counsel

*/S/ Madeline A. Trainor*
Madeline A. Trainor, Esquire, (VSB #18531)
Redmon Peyton & Braswell, LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 684-2000
Fax 703-684-5109
mtrainor@rpb-law.com
Counsel for WizdomBridge, LLC

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Motion* was served electronically through the ECF filing system this 21st day of December, 2018 to all required parties, including Counsel for the Debtors, Kevin M. O'Donnell, and the Office of the United States Trustee, and

by first class mail to the following persons:

Pedro Felipe Valdes
Ana Maria Alana
14531 Old Mill Road
Centreville, VA  20121
Debtors

/S/  Madeline A. Trainor
_____
Madeline A. Trainor