IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PEDRO FELIPE VALDES | ) | Case No. 18-13291-KHK |
| and | ) | Chapter 7 |
| ANA MARIA ALDANA, | ) | |
| | ) | |
| Debtors. | ) | |

**MOTION FOR ORDER EXTENDING THE TIME TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(c)**

COME NOW, Yang Jin, Hong Zhang, and Matthew Zhao, unsecured creditors herein, by and through their undersigned counsel, and pursuant to Fed. R. Bankr. P. 4007(c) and 9006(b)(3), respectfully requests an order extending for ninety (90) days the time within which Yang Jin, Hong Zhang, and Matthew Zhao may file their complaints to determine the dischargeability of debts under 11 U.S.C. §523(c), and in support thereof states as follows:

**PARTIES**

1. Yang Jin and Hong Zhang are the owners of the real property located at 7407 Bethune Street, Falls Church VA 22043. At Schedule E/F, Debtors' identified Yang Jin and Hong Zhang[1] as unsecured creditors whereby the Debtors may owe personal liability for the corporate debt of the Debtor-owned entity known as Artifact, LLC, a home builder. *See, Debtors' Petition Schedule E/F* at 4.77.

---

[1] Debtors' incorrectly identified Yang Jin and Hong Zhang as Yang & Nick Jin.

Seth A. Robbins, Esq. VSB #45807
**ROBBINS LAW GROUP, PLLC**
1100 N. Glebe Road
Suite 1010
Arlington, VA 22201
Tel: (703) 224-4436
srobbins@robbins-lawgroup.com
Counsel for Movants, Yang Jin, Hong Zhang, and Matthew Zhao

2. Matthew Zhao is the owner of the real property at 1351 Windy Hill Road, McLean, VA 22102. At Schedule E/F, Debtors' identified Matthew Zhao as an unsecured creditor whereby the Debtors may owe personal liability for the corporate debt of the Debtor-owned entity known as Artifact, LLC, a home builder. *See, Debtors' Petition Schedule E/F* at 4.56.

## PROCEDURAL HISTORY & GOOD CAUSE

3. The Debtors' liability to the Movants by Artifact, LLC is codependent. Debtors' identified the Movants as creditors on their Schedules.

4. On September 28, 2018 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code"), thereby commencing the above-captioned case.

5. Originally, Janet M. Meiburger, Esquire was appointed as Chapter 7 Trustee in the case, but she resigned from the case and Kevin R. McCarthy, Esquire was appointed in her stead.

6. The first meeting of creditors was originally set for November 7, 2018. Once Ms. Meiburger resigned and Mr. McCarthy was substituted as Trustee, the Section 341 first meeting of creditors was re-set to November 21, 2018.

7. Mr. McCarthy ran late with his Section 341 docket on November 21, 2018; by the time the Valdes case was called, Mr. Kevin M. O'Donnell, Debtors' counsel, had to leave the hearing to appear in the U.S. Bankruptcy Court.

8. No questions by creditors were permitted on November 21, 2018 meeting of creditors. The Section 341 meeting was adjourned to December 19, 2018 for a time certain (1:00 p.m.).

9. At the Section 341 meeting on December 19, 2018, – for the first time – creditors were able to ask questions to the Debtors.

10. For the first time, Creditors' learned, among other grounds for joint personal liability, the Debtors' commingled their personal assets with the Debtor-owned entity known as Artifact, LLC, a home builder. Whereby these Debtors fraudulently conveyed assets to insiders in a scheme avoid liability for breaches of contract.

11. In part, the fraud scheme perpetrated by these Debtors include false statements to induce the Creditors' to remit monies to the Debtors.

12. The *Notice of Chapter 7 Bankruptcy Case* (Official Form 309A) issued in this case on October 3, 2018 (Docket Entry No. 55), states that the deadline to file a complaint to determine the dischargeability of certain debts expires on January 6, 2018 (the "Dischargeability Deadline"), which was sixty (60) days after the date first set for the meeting of creditors in this case.

13. On December 31, 2018, promptly after the Section 341 meeting, these Creditors met with the undersigned counsel to discuss legal representation.

14. The undersigned counsel was formally retained on January 1 and 2, respectively – 4 days before the deadline to submit adversary complaints.

## ARGUMENT

15. Fed. R. Bankr. P. 4007(c) specifies the time frame within which a complaint to determine dischargeability of debt must be filed. Fed. R. Bankr. P. 4007(c) provides that "on motion of any party in interest, after hearing on notice, the court may for cause extend the time to file fixed [for filing a complaint to determine the dischargeability of debt]."

16. The Rule also requires that any such extension motion "shall be filed before the time has expired." Fed. R. Bankr. P. 4007(b). *See also*, Fed. R. Bankr. P. 9006(b)(3) ("The court may enlarge the time for taking action under Rule[s] … 4007(a) …, only to the extent and under the conditions stated in those rules.")

17. As of today, two weeks after the Debtors testified under oath at the re-scheduled (twice) meeting of creditors, there are only four (4) days remaining until the deadline (January 6, 2019).

18. Cause exists in this case to extend the Dischargeability Deadline. An extension of approximately ninety (90) days from the entry of any extension order should allow Movants to determine: i) whether assets were commingled as part of the fraud scheme; ii) whether Debtors fraudulently executed certain lien waivers; and/or iii) whether financial information that these Creditors received from the Debtor(s) was falsified or misleading.

19. Movants reserve the right to seek further extensions to the extent that any initial extension is insufficient to afford the time necessary to accomplish their investigation.

**WHEREFORE,** for the foregoing reasons, Movants respectfully request that this Court enter an order (a) extending the Dischargeability Deadline for a period of ninety (90) days as to Movants, Yang Jin, Hong Zhang, and Matthew Zhao, and (b) provide such other and further relief as the Court deems just and proper.

Date: January 2, 2019                                       Respectfully Submitted,

                                                            YANG JIN,
                                                            HONG ZHANG, and
                                                            MATTHEW ZHAO

                                                            By Counsel

 /s/  Seth A. Robbins
Seth A. Robbins, Esq. (VSB #45807)

Robbins Law Group, PLLC
1100 North Glebe Road
Suite 1010
Arlington, VA 22201
Tel: (703) 224-4436
Fax: (202) 836-9840
Email: srobbins@robbins-lawgroup.com
*Counsel for Yang Jin, Hong Zhang, and Matthew Zhao*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing Motion was served electronically through the ECF filing system this 2nd day of January, 2019 to all required parties, including the Office of the United States Trustee, and by first class mail to the following persons:

Kevin M. O'Donnell
300 N. Washington Street
Suite 204
Alexandria, VA 22314
*Counsel for Debtors*

Kevin R. McCarthy
McCarthy & White, PLLC
8508 Rehobeth Court
Vienna, VA 22182
*Trustee*

Pedro Felipe Valdes
Ana Maria Alana
14531 Old Mill Road
Centreville, VA 20121
*Debtors*

    /s/ Seth A. Robbins
    Seth A. Robbins, Esq. (VSB #45807)